IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:   5:12cr26/WS/GRJ
                                              5:15cv253/WS/GRJ

JEFFREY MONROE ROY

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody." (ECF No. 90.)  The Government has filed a response (ECF No. 94) and Petitioner has filed a reply and a request for oral argument. (ECF No. 100.)  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND

On August 22, 2012, Petitioner was charged in a two-count indictment with using a facility and means of interstate commerce to entice a person under the age of 18 to engage in sexual activity in violation of 18 U.S.C. § 2422(b) ("Count One") and traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) ("Count Two"). (ECF No. 1.) Roy allegedly communicated with an individual he believed to be under the age of 18 between June 13, 2012 and June 16, 2012. On June 16, he traveled from his residence in Alabama to the State of Florida with the intent to engage in a sexual act with the fictitious minor named "Jaz" with her 26 year old boyfriend's permission. (ECF No. 54, PSR ¶¶ 9, 10.)

Trial was originally set for November 13, 2012. Michelle Spaven of the Office of the Federal Public Defender was appointed to represent Roy.

In November of 2012, at defense counsel's request, Roy underwent a psychiatric evaluation in the custody of the Bureau of Prisons. (ECF No. 24.) There were no objections to the report, which was filed in February of 2013. (ECF No. 25.)

Case Nos.: 5:12cr26/WS/GRJ; 5:15cv253/WS/GRJ

In May of 2013, after a third request for a continuance[1] was granted, Ms. Spaven moved to withdraw as counsel due to a conflict.   (ECF No. 29.) Panel attorney Walter Smith, Esq. assumed representation of Petitioner. On May 14, 2013, the court granted AUSA Kathryn Risinger's unopposed motion for continuance to allow new counsel more time to prepare and to accommodate a scheduling conflict for the Government.   The trial was reset for July, 22 2013.   (ECF Nos. 32, 33.)   The Government requested another continuance after an essential witness suffered a death in the family, and trial was reset for August 13, 2012.   (ECF Nos. 36-38.)

A two-day jury trial resulted in a guilty verdict on both counts.   (ECF Nos. 47, 77, 78.)

The Second Final Presentence Investigation Report ("PSR") reflects a total offense level of 32, which included a base offense level of 28, a two-level adjustment because Roy used a computer in the offense conduct and another two-level adjustment for obstruction of justice.   (ECF No. 54, PSR ¶¶ 17-25.)   Roy had a criminal history category of III, and the applicable guidelines range was 151 to 188 months.   (ECF No. 54, PSR ¶¶ 32, 70.)

---

[1] The first two requests for continuance were due to the pending psychological evaluation.   (ECF Nos. 16, 21.)

Case Nos.: 5:12cr26/WS/GRJ; 5:15cv253/WS/GRJ

At sentencing, the defense noted no objections to the original PSR, but did object to the revised PSR, which contained the two-level increase for obstruction of justice and the recommendation for an upward variance. (ECF No. 72 at 3.)   The court heard testimony from a woman who described herself as Roy's first victim.   She recounted in graphic detail the things Roy had said to threaten her during the kidnapping and attempted sexual assault in 1986 when Roy was 21 years old.   (ECF No. 72 at 11-14.)[2]   The Government argued for an upward various, repeatedly expressing the belief that Roy would reoffend.

The court sentenced Roy to a term of 188 months in prison, which was the high end of the guidelines range.   In so doing, the court noted Roy's "continued pattern of criminal behavior and the future threat he poses to society." (ECF No. 72 at 24.)   The court also imposed a life term of supervised release.   (ECF No. 72 at 26.)

Defense counsel Smith asked that the court direct the clerk to file a notice of appeal and allow him to withdraw.   (ECF No. 72 at 32.)   Mr. Smith

---

[2] Petitioner was released from prison in 2006, and in 2008 he was convicted of "harassment" due to his sexually inappropriate conduct with a seven year old child in a Walmart store, and ordered not to have any contact with anyone under the age of 18. (ECF No. 54, PSR ¶ 30.)

Case Nos.: 5:12cr26/WS/GRJ; 5:15cv253/WS/GRJ

stated that his client felt that counsel "did not expend [his] best efforts in representing" him.    The court confirmed that Roy had no objection to counsel withdrawing and granted the request.

On appeal, Roy challenged both his convictions and his sentences. (ECF No. 86.)   He asserted that the district court should have granted his motion for a mistrial because of comments on his post-*Miranda* silence in violation of *Doyle v. Ohio*, 426 U.S. 610 (1976) by both the prosecutor during his opening statement and a Government witness.    During Roy's post-arrest interrogation, he initially told law enforcement that he believed he was communicating with, and was traveling to meet, a 30-year old woman. When officers told him that his version of events did not make sense, Roy ended the conversation.   The district court gave the jury an appropriate curative instruction after denying the motion for mistrial.   The Eleventh Circuit found that the prosecutor technically erred under *Doyle*, but that, due to the overwhelming evidence of guilt, the error was harmless. (ECF No. 86 at 6-7.)

Roy also appealed the application of the obstruction of justice enhancement.   Again, the Eleventh Circuit found no error.    It noted that

Roy's testimony that he had no intention of having sex with a child was belied by evidence of his continued conversations about sexual acts with "Jaz" after learning she was a child.   Furthermore, the presence of condoms in his truck supported that he had told "Jaz" that he had "stuff to be safe with" to prevent her from getting pregnant.   (ECF No. 86 at 8.)

## ANALYSIS

### *General Legal Standard*

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).   Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow

compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.   *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.   *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by

different factual allegations . . . or supported by different legal arguments . .

. or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for

direct appeal, issues which could have been raised on direct appeal are

generally not actionable in a section 2255 motion and will be considered

procedurally barred.    *Lynn*, 365 F.3d at 1234–35; *Bousley v. United

States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190,

1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its

merits can be reviewed without further factual development."    *Lynn*, 365

F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).    Absent a showing that

the ground of error was unavailable on direct appeal, a court may not

consider the ground in a section 2255 motion unless the defendant

establishes (1) cause for not raising the ground on direct appeal, and (2)

actual prejudice resulting from the alleged error, that is, alternatively, that

he is "actually innocent."    *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at

622 (citations omitted).    To show cause for procedural default, a defendant

must show that "some objective factor external to the defense prevented

[him] or his counsel from raising his claims on direct appeal and that this

factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*,

365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel

can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal.   *Massaro v.*

*United States*, 538 U.S. 500, 503 (2003); *see also United States v.*

*Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d

1249, 1257 n.5 (11th Cir. 2016).   To prevail on a constitutional claim of

ineffective assistance of counsel, a defendant must demonstrate both that

counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th

Cir. 2013).   In applying *Strickland*, the court may dispose of an ineffective

assistance claim if a defendant fails to carry his burden on either of the two

prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d

1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th

Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel

would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir.

2010).    A defendant therefore must establish "that counsel's errors were

so serious as to deprive the defendant of a fair trial, a trial whose result is

reliable."    *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

Or in the case of alleged sentencing errors, a defendant must demonstrate

that there is a reasonable probability that, but for counsel's errors, the

result of the proceeding would have been less harsh due to a reduction in

the defendant's offense level.    *Glover v. United States*, 531 U.S. 198,

203–04 (2001).    A significant increase in sentence is not required to

establish prejudice, as "any amount of actual jail time has Sixth

Amendment significance."    *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual

support for his contentions regarding counsel's performance.    *Smith v.*

*White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).    Bare, conclusory

allegations of ineffective assistance are insufficient to satisfy the *Strickland*

test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34

(11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir.

2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson*

*v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941

F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899

(11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Furthermore, counsel is not constitutionally deficient for failing to preserve

or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342

(11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d

1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue

is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of

Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve

meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v.

United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not

ineffective for failing to make a meritless objection to an obstruction

enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002)

(counsel was not ineffective for failing to raise issues clearly lacking in

merit).

Finally, the Eleventh Circuit has recognized that given the principles

and presumptions set forth above, "the cases in which habeas petitioners

can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at

1313.   This is because the test is not what the best lawyers would have

done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.   *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"   *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).   The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."   *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).   Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.   A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

## Petitioner Roy's Claims

### Ground One

Roy first contends that law enforcement violated his fourth amendment rights when they performed a warrantless search of his cell phone.   Specifically, he contends that because local law enforcement attempted, albeit unsuccessfully, to search his cell phone at the time of his arrest, the Government violated his rights when it obtained a search warrant without informing the magistrate judge of the prior attempt to search.   Roy's claim has no merit.

The initial warrantless attempt to search was admittedly unsuccessful.   However, the fact that such a search was attempted is not relevant to the question of whether agents had probable cause to secure the warrant and did not need to be included in the application for the search warrant.   Alternatively, such an omission (to the extent it can be called that) falls within the category of an insignificant and immaterial misrepresentation or omission that does not invalidate a warrant.   *United States v. Reid*, 69 F.3d 1109, 1114 (11th Cir. 1995) (quotations omitted). He asserts that counsel refused to advance this issue at trial despite his

request.    Counsel is not constitutionally ineffective for failing to bring up an issue that had no merit.

### Ground Two

Roy next claims that the Government violated his right to be free from improper inducement to commit a crime.    Roy claims that he believed he was responding to an advertisement on Craigslist involving a 26 year-old woman, and that it was the undercover agents who persisted in contacting him.    He claims that the trial court erred by not giving an instruction on the defense of entrapment.

An entrapment defense contains two elements: 1) Government inducement and 2) lack of predisposition of the defendant to commit the crime before the inducement.    *United States v. Rutgerson*, 822 F.3d 1223, 1234 (11th Cir. 2016); *United States v. Sistrunk*, 622 F. 3d 1328, 1333 (11th Cir. 2010).    The inquiry into predisposition is a subjective one requiring the finder of fact to consider a defendant's readiness and willingness to engage in the charged crime absent any contact with the Government's officers or agents.    *United States v. Isnadin,* 742 F.3d 1278, 1298 (11th Cir. 2014).    This element "focuses upon whether the defendant

was an 'unwary innocent' or, instead an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime."   *Id.* (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)).   Evidence that the Government's agent sought out or initiated contact with a defendant and was the first to propose a crime is, without more, insufficient to demonstrate inducement, the first element of entrapment.   *United States v. Padron*, 527 F.3d 1156, 1160 (11th Cir. 2008) (quoting *United States v. Brown*, 43 F.3d 618, 623 (11th Cir. 1995)); *United States v. Pisa*, 701 F. App'x 781, 784 (11th Cir. 2017) (citing *Brown*).   There must be evidence of persuasion or mild coercion.   *Padron*, 527 F.3d at 1160; *Pisa*, 701 F. App'x at 784; *Brown,* 43 F.3d at 623.

The evidence adduced at trial does not support a finding of Government inducement.   In response to Jaz's question to Roy whether it was okay that she was thirteen, Roy responded "that's great!"   (*See* ECF No. 53 at 3, transcribed excerpts of Government's Trial Exhibit 6A, phone call from Call 5, June 16, 2012.)   During the same conversation, after asking Jaz if she would give him a "blow job," he admitted that he already knew she was 13 before he again asked her age.   (*Id.*).

Roy also asked Jaz's boyfriend "Alex" how he had been able to "score such a young girl" and told Alex that he had "had one or two of those in my day."   (ECF No. 53 at 3-4, transcribed excerpts of Government's Trial Exhibit 6A, phone call from Call 6, June 16, 2012.)   During the same call, Roy made reference to a show on Dateline "where a guy catches predators and stuff."   (*Id.* at 4.)   Roy's suggestion in his reply that he believed that Craigslist had safeguards in place so that minors could not place ads on the website does not negate the fact that he unquestionably knew how old the fictitious Jaz was before traveling to Florida to meet with her, and that he willingly did so.

The fact that Jaz and Alex told him that they were not law enforcement officers (according to Roy, in violation of their oaths of honesty and integrity) does not relieve him from criminal responsibility for his conduct or establish that he was entrapped.   (*See* ECF No. 100 at 7-8.) Furthermore, Roy's statement in his reply that he intended only to meet Alex and Jax, take pictures of them and their tags and "turn them in for a reward, or Blackmail them and then turn them in for a reward" (ECF No. 100 at 10) borders on the incredible.

Case Nos.: 5:12cr26/WS/GRJ; 5:15cv253/WS/GRJ

Roy also asserts that the Government violated his rights "when they brought charges against him by violating § 1591 and § 7704 which are in place to protect the defendant's rights against fraud."   (ECF No. 90 at 6.) The indictment charged Petitioner with violations of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2423(b).   Title 18 U.S.C. § 1591, which governs "sex trafficking of children or by force fraud or coercion," has no application to this case, and there is no section 18 U.S.C. § 7704.   Title 15 U.S.C. § 7704 enumerates protections for users of commercial electronic mail, for instance requiring that commercial electronic mail containing sexually oriented material contain warning labels.   To the extent Roy contends that this section offers him some sort of protection from prosecution for his conduct in this case, he is mistaken.   No relief is warranted on this claim.

### *Ground Three*

Roy asserts, in a multi-part claim, that he was not afforded his right to a speedy, fair and impartial trial, and his right to equal protection was violated.

The analysis of whether there was a Speedy Trial violation depends on the following four factors: (1) whether the delay was uncommonly long;

(2) whether the Government or the defendant is more to blame for the delay; (3) whether defendant asserted his right to speedy trial; and (4) whether he was prejudiced by the delay.   *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). To trigger a speedy trial analysis, "the defendant must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay."   *Doggett*, 505 U.S. at 651-652 (citing *Barker*, 407 U.S. at 530-31).

The delay of which Roy complains was not the fault of questionable or negligent conduct by the Government.   Roy's attorney requested that Roy be evaluated for competency under 18 U.S.C. § 4241 .   Title 18 U.S.C.   § 3161(h)(1)(A) provides that any period of delay resulting from an examination to determine a defendant's physical or mental competency is excluded from the calculation of when a trial must commence.   It was not until after Roy was determined competent to stand trial that the conflict arose with his appointed counsel, which required the appointment of new counsel.   Understandably, Roy's new attorney needed time to prepare to

be able to provide constitutionally sufficient representation.    There was no speedy trial violation.

Roy complains that bail was never set in his case. The record reflects that the Government requested that he be detained pending trial, and that Roy waived a hearing.   (ECF No. 12.)

He asserts that despite the fact there were multiple potential jurors who Roy says believed he was guilty, the Court "browbeat and intimidated" those jurors into serving.   (ECF No. 90 at 8.)   Roy offers no specific examples in support of his claim.   The Court has reviewed the transcript of jury selection (ECF No. 76) and has found nothing that would support his claim. The District Judge expressly reminded the jury that this case had to be judged on its merits, irrespective of any other cases the jurors may have been familiar with, it reminded the jurors that mere talk alone was insufficient to sustain a conviction and the Court even read part of the jury instructions to illustrate this point.   There also were multiple successful challenges for cause, defense counsel exercised ten peremptory challenges and the Government exercised at least one in behalf of the defense, such that any jurors who had said that they would be unable to be

fair and impartial were not part of the venire.   Roy has not shown any
constitutional irregularity in the jury selection process.

Petitioner claims that the prosecutor committed prosecutorial
misconduct. He says that he was "forced" to testify when the prosecutor
referenced Roy's silence at the time of his arrest, and the prosecutor
referred to the victim as a "child" rather than using the statutory language
and referring to the fictitious victim as a "minor."

To establish prosecutorial misconduct, Roy must show that (1) the
prosecutor's remarks were improper, and (2) the remarks prejudicially
affected his substantial rights.   *United States v. Davis*, 754 F.3d 1208,
1219 (11th Cir. 2014) (citing *United States v. Schmitz,* 634 F.3d 1247, 1267
(11th Cir. 2011)).   A defendant's substantial rights are prejudiced if there is
a reasonable probability that, but for the improper remarks, the outcome of
the trial would have been different.   *United States v. Woods*, 684 F.3d
1045, 1065 (11th Cir. 2012) (citing *United States v. Adams*, 74 F. 3d 1093,
1097 (11th Cir. 1996)).   Roy cannot establish that his substantial rights
were prejudiced.   As noted by the Eleventh Circuit, the record contained

overwhelming evidence of Roy's guilt.   Thus, Roy's claim that the prosecutor failed to meet its burden of proof also fails.

Roy next claims that the definition of "individual" in § 2422(b) and "person" in §2433(b) "negates the manufacture by the police of a persona." (ECF. 90 at 9).   Thus, according to Roy, he says he cannot be convicted based on conversations with a fictitious minor.   This argument has no merit and is foreclosed by circuit precedent holding the statute does not require an actual victim.   *See United States v. Lee*, 603 F.3d 904, 913 (11th Cir. 2010).

Roy maintains that the Government erred in enhancing his sentence for obstruction of justice based on his perjured trial testimony, and that the jury should have been required to make a specific finding on this issue.   To the extent this claim is not procedurally barred, it is without merit.   The jury's verdict reflected that it believed the testimony of law enforcement, rather than that of Roy.   The application of a two-level guidelines adjustment, which did not increase the penalty beyond the statutory maximum, did not require a jury finding.   *Apprendi v. New Jersey*, 530 U.S. 466, 490 ("[o]ther than the fact of a prior conviction, any fact that increases

the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")

Roy also makes a claim that the statute is vague as to how he learned of the minor's age.   (ECF No. 90 at 9.)   This claim is unclear, and does not establish a right to any relief.

Next Roy claims that the prosecution failed to prove intent.   He states that he only agreed to meet at a public gas station so "he could determine the facts of the circumstances."   (ECF No. 90 at 9.)   Petitioner asserts that the police violated his right to peaceably assemble.   He insists that he only agreed to meet the fictitious minor Jaz and her boyfriend Alex and there was no mention of any sexual activity that was going to happen at the gas station.   This argument is disingenuous and is at odds with the overwhelming weight of the evidence. The argument provides no basis for relief.

Finally, Roy claims that his right to equal protection has been violated due to variations in interpretation of § 2422 and § 2423 among the circuit courts.   This claim could have been raised on appeal and is thus procedurally barred.   Furthermore, Roy has not identified a case in this or

another circuit where a similarly situated individual was not convicted and thus has not established any unequal treatment.

### *Ground Four*

Roy's fourth claim is a multi-part claim of ineffective assistance of counsel.    He claims that he told counsel, while he was in Bay County Jail, that he was denied access to cases he requested from the law library because they were too sensitive in nature, and counsel did nothing.    He has not shown how counsel could have done anything that would have affected the outcome of his case.

Roy complains that he told counsel about the motion for speedy trial that he filed, and he was ignored.    Again, there were valid reasons for the delay in his trial, and Roy has not shown that counsel was constitutionally ineffective.

Roy asserts that he told counsel that the police used excessive force against him, yelled at him and called him names, and threatened that if he did not make a statement, they would charge him with as many crimes as they could think of and put him in a "special cell" after informing everyone of the reason he was in custody.    (ECF No. 90 at 10-11.)    As the

Government point out the discovery provided to the defense and the testimony at trial do not corroborate Roy's assertions. Additionally, Roy's claim that there were no video-cameras at the undercover house is mistaken, as evidenced by the videos capturing his arrest and detention at the undercover house.   (ECF No. 94 at 29.)   If Roy suggests that his civil rights were violated by law enforcement and seeks damages for the alleged violation, such relief is not available in a § 2255 motion but must be pursued in an independent civil action.

Roy claims that the police never read him his rights, although he also said he immediately asked for an attorney.   He states that the proof that his rights were not read to him was contained in Sgt. Daffin's report and that counsel never impeached Sgt. Daffin at trial.   (ECF No. 90 at 11.) Daffin's trial testimony about his interaction with Roy after his arrest was brief, and Roy does not suggest how Daffin could have been impeached about his recollection of the interaction.   (ECF No. 78 at 36-40.)

Roy next states that he did not travel to Bay County Florida to have sex with a minor.   This was the question the jury was asked to decide at trial. A challenged to a jury's factual finding is not an argument that should

be made in a habeas petition but rather is an issue that could have been raised on direct appeal.

Roy asked his attorney to file a motion to suppress because there were "missing emails and calls," and the discovery that he received had different dates on it and was not authenticated.   (ECF No. 90 at 11.) When counsel's alleged ineffectiveness involves a failure to competently litigate a Fourth Amendment claim, to demonstrate actual prejudice, a litigant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.   *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Green v. Nelson*, 595 F.3d 1245, 1251-52 (11th Cir. 2010). Roy has not established the existence of a viable Fourth Amendment claim, or that counsel was constitutionally ineffective for failing to file a motion to suppress.

Roy contends that his attorney failed to object when the prosecutor used the officer's testimony as a medical expert concerning the drug Viagra.   (ECF No. 90 at 12.)   When Roy was arrested he was in possession of a prescription pill bottle containing five Viagra pills.   (ECF

No. 77 at 53.)    Counsel unsuccessfully objected to the relevance of
introducing evidence of Roy's possession of Viagra.    (ECF No. 77 at 47.)
Sgt. Andy Husar testified that because of the charges for which Roy was
arrested, the Viagra pills were relevant because Viagra is used for a male
to achieve an erection. (ECF No. 77 at 53.)    Roy's attempt to classify this
testimony as "medical expert" testimony has no merit, and no relief is
warranted.

  According to Roy, counsel also should have objected to the
prosecution's use of the officers as "human lie-detectors" and
"clairvoyants."   (ECF No. 90 at 12.)    Multiple officers testified at trial about
the facts of this case, their observations of Roy, and their impressions
based upon their training and experience.    Roy has not identified a specific
objection that counsel should have made, much less one that would have
changed the outcome of the proceedings.

  Roy complains that he had no representation concerning the
forfeiture of his truck, his phone, camera, keys and other items.   (ECF No.
90 at 12.)   The indictment included a forfeiture count stating that Roy
would forfeit any interest in any property, real and personal, used and

intended to be used to commit and promote the commission of the charged offenses.   (ECF No. 1 at 2-3.)   The final judgment did not reference forfeiture (ECF No. 59), and as such there appears to be no factual basis for Roy's complaint. In his reply he references forfeiture of his work truck at the time of his arrest, but it appears that the truck was actually impounded and then released to his family after payment of a storage fee.   (ECF No. 100 at 11.).

Next, Roy maintains that he asked his attorney to make clear to the Court that his plea was not guilty by reason of entrapment and counsel failed to ensure there was a jury instruction on entrapment.   As discussed above, there was no legal basis for an entrapment instruction, and counsel was not constitutionally ineffective for failing to make this request.

Roy asserts that counsel failed to make the proper objection to the inadequate finding for perjury, and that he was not given the opportunity to defend himself against the obstruction enhancement.   (ECF No. 90 at 12.) Petitioner does not explain what additional arguments counsel could have made.   Furthermore, Roy had the opportunity to address the Court at sentencing and again explained his version of events.   (ECF No. 72 at 18-

22.)   He has not shown that counsel was constitutionally ineffective.   To the extent Roy claims that the enhancement for obstruction affected his mandatory minimum sentence, he is simply mistaken.   The guidelines are separate and apart from statutory mandatory sentences.

Roy raises multiple additional complaints in his reply including the failure to object to the use of "five point restraints" on him during appearances before magistrate and district judges; failure to object to the lack of signatures on the Chain of Evidence forms; failure to argue a "double jeopardy" violation when the charges arose from "Unitary Conduct;" failure to argue that law enforcement's placement of the Craigslist ad was a violation of law.   (ECF No. 100 at 25-26.)   None of these meritless issues warrant additional discussion.   Roy has not shown that his attorney was constitutionally ineffective or that he is entitled to relief.

### *Ground Five*

Roy contends in his fifth ground for relief that his 188-month sentence, followed by a lifetime of supervised release violated the Eighth Amendment proscription on cruel and unusual punishment.   Roy bases his argument on the fact that no real minor was ever involved. His argument is

procedurally barred and also fails on the merits because, as discussed above, the law does not require a live victim to establish a violation of the statutue.

Roy also claims that the sentence serves no penological interest, and that certain portions of the sentence, including the waiver of confidentiality during the plethysmograph and visual reaction time testing violates his right against self-incrimination.[3]   (ECF No. 59 at 5; ECF No. 100 at 13-15.) These challenges are also procedurally barred as they could have been raised on appeal.   No relief is warranted.

### *Conclusion*

For the foregoing reasons, the Court concludes that Roy has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing or oral argument is warranted. Therefore, the § 2255 motion should be denied in its entirety.

---

3  These two tests are sometimes used to determine the sexual interests of individuals accused of child molestation. *See* https://en.wikipedia.org/wiki/Penile_plethysmograph; https://www.ncbi.nlm.nih.gov/pubmed/12087683; https://www.theatlantic.com/politics/archive/2015/07/the-sex-offender-test/397850/

Case Nos.: 5:12cr26/WS/GRJ; 5:15cv253/WS/GRJ

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 5:12cr26/WS/GRJ; 5:15cv253/WS/GRJ

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.     The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a person in Federal Custody" (ECF No. 90) should be

**DENIED**.

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 25th day of May, 2018.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.


Case Nos.: 5:12cr26/WS/GRJ; 5:15cv253/WS/GRJ